IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:21-CR-41-CJN-5 |
| BRADLEY RUSKTALES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO APPLICATION FOR
ACCESS TO VIDEO EXHIBITS**

Defendant Bradley Rukstales, by and through counsel, respectfully responds with his position regarding the application by the Press Coalition ("the Petitioners") to access video exhibits submitted to the Court. *See* ECF No. 137.

On November 10, 2021, the Petitioners filed an Application for Access to Video Exhibits. *Id*. Specifically, the Petitioners sought access to clips from three videos ("video clips") submitted by the Government on November 9, 2021. *See* ECF No.134.

Mr. Rukstales respectfully objects to the Petitioner's Application for Access to the video clips.  This Circuit has consistently employed the six-factor "*Hubbard* test" when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection.  The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. United States*, 964 F.3d

1

1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).

      The *Hubbard* factors weigh in favor of non-disclosure. It is counsel's understanding that the video clips in question consist of surveillance footage from security cameras inside the Capitol that have not previously been released to the public. The video clips contain scores of other individuals, including dozens of law enforcement officers.  Mr. Rukstales accepted responsibility for his actions, and the public record in this case is replete with detailed descriptions from both parties describing the contents of the video clips as it relates to Mr. Rukstales, negating the value of the actual video clips to the public. The publication of the video clips only serve to harm Mr. Rukstales' interests as a private citizen who has already taken responsibility and been held accountable for his conduct.  Mr. Rukstales is facing a pending thirty-day sentence of incarceration, and further publication of media, video, and images related to his case could deleteriously impact his well-being. Additionally, one of Mr. Rukstales' co-defendants still has an open case: Terry Brown has pled guilty and is awaiting sentencing on December 1, 2021.

      Therefore, Mr. Rukstales respectfully objects to the public disclosure of the video clips.

      Respectfully submitted,

      \_\_\_\_/s/_____
David Benowitz
D.C. Bar No. 451557
Price Benowitz LLP
409 Seventh Street, NW
Suite 200
Washington, DC 20004
david@pricebenowitz.com
*Counsel for Bradley Rukstales*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November 2021, a true copy of the foregoing Defendant's Response was served via the CM/ECF system upon Assistant United States Attorneys Seth Adam Meneiro and Susan Lehr, United States Attorney's Office, 555 4th Street, NW, Rm. 4840, Washington, D.C. 20530.

_____/s/_____
David Benowitz