# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADLEY RUKSTALES,<br><br>*Defendant*. | Criminal Action No. 1:21-cr-41-CJN-5 |

## ORDER

This matter is before the Court on the Press Coalition's Application for Access to Video Exhibits, ECF No. 137.

Pursuant to Local Criminal Rule 57.6 and Standing Order No. 21-28 (BAH), the Press Coalition seeks access to video recordings that were submitted to this Court on November 9, 2021. *See* United States' Notice of Filing of Item Incompatible with CM/ECF Filing, Dkt. 134. There is a strong First Amendment and common law presumption of public access to judicial records. *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980); *see also United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841 (D.D.C. Mar. 17, 2021) (Howell, C.J.) (granting access to video exhibits in one of the Capitol Cases). These Video Exhibits are judicial records because they were submitted in relation to the Government's position on sentencing the Defendant and were extensively discussed at sentencing in connection with determining an appropriate sentence.

Notwithstanding the presumption in favor of public access, *Hubbard* provides a six-factor test to evaluate the various public and private interests at stake:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

1

*Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

Rukstales argues that the *Hubbard* factors weigh in favor of non-disclosure because, *inter alia*, the surveillance videos were not previously released and Rukstales already accepted responsibility for his actions, so the dissemination of the video clips will only serve to harm his interests as a private citizen. He further argues that the release "could deleteriously impact his well-being" and that a co-defendant still has an open case.

None of these arguments overcome the presumption in favor of public access. The public has a need for the videos because of its "interest in understanding the conduct underlying the charges in these cases, as well as the government's prosecutorial decision-making both in bringing criminal charges and resolving these charges by entering into plea agreements with defendants." *United States v. Torrens*, 2021 U.S. Dist. LEXIS 174997, *17 (D.D.C. Sept. 15, 2021). The videos were shown in open court in the sentencing hearing. While Rukstales, who appears in the videos, has objected to the release of the documents, he willingly entered the Capitol and he has been convicted of parading, picketing, or demonstrating therein. He does not have a property or privacy interest in videos of his conduct inside the Capitol. Rukstales is correct that the video clips include other individuals, including law enforcement personnel, but—even to the extent they are identifiable—none has a clear property or privacy interest at stake. And the Government consents to the release of the videos.

Rukstales is correct that he has already accepted responsibility for his actions and has a sentence of thirty-days of incarceration, and that the public record includes descriptions of his conduct that is in the video clips. But—as his opposition to the motion shows—videos can do what words cannot. While public dissemination of the videos may cause Rukstales additional

2

public embarrassment, that is not the legal prejudice with which the *Hubbard* test is concerned. *See Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009). And Rukstales' co-defendant has already pled guilty and only has his sentencing remaining. The Court does not believe any relevant prejudice will occur from public dissemination.

Accordingly, it is

**ORDERED** that the Press Coalition's Application is **GRANTED;** it is further

**ORDERED** the Government shall promptly make publicly available the video evidence submitted to the Court on November 9, 2021, in connection with Defendant's sentencing hearing held November 12, 2021, by providing access using the "drop box" solution described in D.D.C. Standing Order No. 21-28 (BAH); and it is further

**ORDERED** that the Press Coalition may record, copy, download, retransmit, and otherwise further publish the Video Exhibits.

**SO ORDERED**.

DATE: November 24, 2021

                                                CARL J. NICHOLS
                                                United States District Judge